### ROCK v. FEDERAL TRADE COMMISSION.
#### No. 7078.

Circuit Court of Appeals, Seventh Circuit.
Feb. 14, 1941.

John F. Rosen and James B. O'Shaughnessy, both of Chicago, Ill., for petitioner.

W. T. Kelley, Chief Counsel, Federal Trade Commission, of Washington, D. C., on the brief, but Martin A. Morrison, Asst. Chief Counsel, of Washington, D. C., actually appeared, for respondent.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is a proceeding to review an order of the Federal Trade Commission, directing present petitioner to cease and desist from certain practices in connection with the sale and distribution of certain medicinal preparations. The complaint was directed against Dr. Arthur A. Rock but during the pendency of the proceeding Dr. Rock died, and by agreement of the parties, present petitioner was substituted and it was agreed that the proceedings should be governed by the same considerations of law and fact as would have been applicable were the original respondent still living.

The petitioner here was respondent in the hearing before the Federal Trade Commission and in this Court the Federal Trade Commission is respondent. To obviate confusion, the term "respondent" when further used in this opinion will refer to Dr. Arthur A. Rock or his legal representative, and the Federal Trade Commission will be referred to as the "commission."

The complaint, bearing date August 8, 1935, charges that respondent uses unfair methods of competition in the sale and distribution in interstate commerce of certain tablets and ointment for use by those afflicted with goitre. That respondent in advertising his method of treatment of goitre causes advertisements alleged to be misleading and false to be inserted in magazines and other publications and distributes form letters, a copyrighted book, pamphlets, etc., to the public, likewise alleged to be misleading and false. That such acts are to the injury and prejudice of the public as well as the competitors of respondent within the intent and meaning of Section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45.

Respondent filed his answer to such complaint, alleging, among other things, that on September 10, 1931, he received a notice from the commission for a preliminary hearing for the purpose of considering whether a complaint should then be issued against him, based upon charges of false and misleading statements in his advertisements and literature; that he appeared by counsel before the commission on October 20, 1931, and produced the advertisements and literature so complained of, and after a full consideration by the commission a stipulation, bearing date February 5, 1932, was entered into between the commission and the respondent, whereby it was agreed that such objectionable matter would be eliminated in the future. That immediately upon the entering of such stipulation he proceeded to carry out in good faith all its provisions.

The answer further alleges that the matters involved in the present complaint were fully considered by the commission and disposed of by them in such stipulation and same should be held a bar to the present proceeding. Further admissions and denials in reference to the specific charges are made but need not be here detailed.

The stipulation further provided that if Dr. Rock should ever resume or indulge in any practice violative of the provision of the agreement that the stipulation might be used in evidence against him. The stipulation was offered and received in evidence at the hearing on the present complaint over objection of respondent. Other evidence was received in support of the present complaint. Respondent's proof consisted wholly of showing what transpired at the hearing in 1931 leading to the stipulation; he elected to rest his defense solely on the previous proceeding as a bar and introduced no evidence to controvert the other proof in support of the present complaint.

The commission made extensive findings of fact and entered the cease and desist order now complained of.

We think a fair interpretation of the present complaint justifies the conclusion

that it, in effect, charged the violation of the stipulation by charging that respondent was presently engaged in acts which, if true, would amount to a violation of the stipulation. Respondent erroneously assumes that the hearing before the commission was wholly based upon charges previously considered in 1932 at the time of the stipulation. An examination of the record discloses that while this was to a great extent true, yet there was some evidence, unchallenged in the record, of a continued use by respondent of methods condemned by fair dealing and wholesome practice— methods that tended to mislead and deceive the public.

Whether the stipulation and order of the commission in 1932 could, under any circumstances, be set up in bar as contended by respondent, need not be considered as such stipulation could not, in any event, be a bar to subsequent improper conduct as found by the commission. Such findings are supported by substantial evidence and are not here assailable.

The order of the commission is affirmed.